UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAUREL J. HINDERKS,

Plaintiff,

v.

KATHLEEN RUHNKE,
ADMIRAL BLACK,
UNITED STATES NAVY,
CARLOS COSTAS TRAVEL AGENCY,
THEODORE MILLER, and
CARL TRAVIS,

Defendants.

Civil No. 00-1860 (PAM/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

The complaint in this case is not a model of clarity. As far as the Court can discern, Plaintiff is attempting to sue Defendants for allegedly defrauding her deceased common-law husband, Henry B. Ruhnke. It appears that she might also be claiming that Defendants wrongfully obtained possession of some assets of Ruhnke's estate after his death. Plaintiff is asking for (i) a "power of attorney in all of Henry B. Ruhnke[']s financial

FILED AUG 10 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

matters," (ii) the arrest of "these people" (presumably the named Defendants), and (iii) a court-supervised investigation of "one large paper trail of fraud." Nothing more can be gleaned from Plaintiff's pleading.

**II. DISCUSSION**

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1]

In this case, Plaintiff's pleading is plainly inadequate, because it does not include sufficient factual allegations to state an actionable claim against any of the named Defendants. While a pro se pleading is to be liberally construed, it still must allege some historical facts which if proven true would entitle the plaintiff to some legal relief against the individuals named as defendants. Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

supporting its conclusions"). Here, Plaintiff's complaint is fatally deficient for the simple reason that it does not allege any facts that would support any claim against any of the individual Defendants. The complaint does not describe anything that any individual Defendant allegedly did, (or failed to do), that could cause such Defendant to be liable to Plaintiff.

Because Plaintiff has not adequately described the facts on which her claims are based, she has failed to state a legally cognizable cause of action. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

Finally, the Court notes that Plaintiff filed another lawsuit in this District just a few months ago, (Hinderks v. United States Navy, No. 00-1090 (JMR/FLN)), which appears to be nearly the same as her present action. In that prior case, Chief Magistrate Judge Franklin L. Noel concluded that Plaintiff's complaint was fatally deficient because she failed to allege sufficient facts to state a cause of action on which relief could be

[2] Even if Plaintiff's complaint did state an actionable claim, her IFP application still would not be granted at this time, because she has not adequately shown that she is unable to pay the $150 filing fee for this action. The IFP application shows that Plaintiff is currently employed, and that she also is receiving certain disability or workers compensation payments. Plaintiff has provided no information, however, about the amount of her regular income. (IFP Application, [Docket No. 2], §§ 2.a.,3.c and 7.) Thus, the Court has no basis to conclude that Plaintiff is financially eligible for IFP status.

granted.[3] In the present case, it appears that Plaintiff has deliberately repeated the same claims that were already found to be inadequate in the prior case. The filing of serial lawsuits in a futile attempt to litigate the same non-cognizable claims places an undue burden on the limited resources of the federal court. Therefore, if Plaintiff files any future actions that are similar to this one and her last one, it may be appropriate to identify her as a vexatious litigant and treat her accordingly.

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 7, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 28, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs

---

[3] Judge Noel filed a Report and Recommendation calling for dismissal of Plaintiff's prior action, which is currently pending before District Court Judge James M. Rosenbaum.

filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.